# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

---

VERAMONICA MIKESELL,
    Plaintiff

    vs

MICHAEL J. ASTRUE,
Commissioner of Social
Security,
    Defendant

Case No. C-1-06-517
(Weber, J.)
(Hogan, M.J.)

---

## REPORT AND RECOMMENDATION

---

This matter is before the Court on Plaintiff's Motion for Attorney Fees and Costs under the Equal Access to Justice Act, ("EAJA") 28 U.S.C. §2412(d) filed on April 23, 2008. (Doc.12). Plaintiff's attorney requests an award of attorney fees and costs in the amount of $3,284.40 as provided for under the Act. (Id.).

On May 13, 2008, the parties filed a Stipulation whereby the parties agreed to an award of $3,100 pursuant to the EAJA. (Doc. 14). The parties further stipulate that said award shall satisfy all Plaintiff's claims for fees, costs, and expenses under 28 U.S.C. §2412. (Id.).

The Equal Access to Justice Act allows for an award of attorney fees if the party is the "prevailing party," and if the position of the United States was not "substantially justified." 28 U.S.C. § 2412(d)(1)(B). A "party" is any individual whose net worth did not exceed $2,000,000 at the time the civil action was filed. 28 U.S.C. §2412(d)(2)(B). It is undisputed that at the time this action was filed, Plaintiff's net worth was less than $2,000,000. Moreover, Plaintiff became the

"prevailing party" when she obtained a reversal pursuant to sentence four of 42 U.S.C. § 405(g). As Plaintiff received the relief requested in her Complaint, it is uncontested that she is the "prevailing party." *Id.*

To be "substantially justified," the United States must show that it had a reasonable basis in law and in fact to undertake the challenged action.. *Pierce v. Underwood*, 487 U.S. 552 (1988); *S&H Riggers & Erectors, Inc. v. O.S.H.R.C.*, 672 F.2d 426, 430 (5th Cir. 1982). In the present case, the Defendant is not contesting Plaintiff's request for attorneys fees. Thus, the Court concludes that the government's position was not substantially justified and Plaintiff is entitled to attorney fees under the Equal Access to Justice Act as stipulated by both parties.

### IT IS THEREFORE RECOMMENDED THAT:

1) Plaintiff's Motion for Attorney Fees and Costs under the Equal Access to Justice Act (Doc. 12) should be GRANTED.

2) Plaintiff should be awarded attorney fees and costs in the amount of $3,100.00 pursuant to the EAJA as provided in the parties' Stipulation.

Date: 5/14/08

Timothy S. Hogan
United States Magistrate Judge

2

## NOTICE TO THE PARTIES REGARDING THE FILING
## OF OBJECTIONS TO THIS R&R

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten (10) days after being served with this Report and Recommendation. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen (13) days (excluding intervening Saturdays, Sundays, and legal holidays) in the event this Report is served by mail, and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation are based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters,* 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).

J:\SMITHLE\SOC_SEC\R&R\Mikesell.fees.wpd